**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ysidro GOMEZ–GRACIANO,**
**Defendant–Appellant.**

**Nos. 04–41295, 04–41296.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: \*

Ysidro Gomez–Graciano (Gomez) appeals the sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.\*\* He argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). He acknowledges that the argument is reviewed for plain error but contends that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux,* —— F.3d ——, No. 03–41618, 2005 WL 1320362 at \*1 n. 9 (5th Cir. Apr.11, 2005). The district court committed error that is plain when it sentenced Gomez under a mandatory sentencing guidelines regime. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005); *United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Gomez, however, fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzeuela–Quevedo,* 407 F.3d at 733–34; *Mares,* 402 F.3d at 521. His argument that *Mares* was wrongly decided is unavailing. *See United States v. Ruff,* 984 F.2d 635, 640 (5th Cir. 1993).

As he concedes, Gomez's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140

---

\*\* Gomez does not appeal the revocation of his supervised release or the sentence imposed following revocation based on this offense.

L.Ed.2d 350 (1998). *See Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). The district court's judgment is AFFIRMED.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.